**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| THOMAS A. DAVIDSON,<br><br>     Plaintiff,<br><br> v.<br><br>WALMART INC.,<br><br>     Defendant. | Civil Action No. 21-10748 (JXN)(AME)<br><br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Plaintiff Thomas A. Davidson's ("Plaintiff") appeal from Magistrate Judge Espinosa's October 6, 2025 and October 15, 2025 orders. (ECF No. 92.) Defendant Walmart Inc. ("Walmart") opposed (ECF No. 93), and Plaintiff replied (ECF No. 94). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure[1] 78 and Local Civil Rule 78.1. For the reasons set forth below, Judge Espinosa's October 6, 2025 and October 15, 2025 Orders (ECF Nos. 87, 91) are **AFFIRMED**.

## I.  BACKGROUND

This case arose after Plaintiff slipped, fell, and hurt himself in a Walmart bathroom on April 2, 2021. (*See* Compl., ECF No. 1-1.) Plaintiff sued Walmart in New Jersey Superior Court later that month. (*Id.*) Defendant timely removed the action to this Court. (*See* Notice of Removal, ECF No. 1.)

Discovery ensued and disputes arose. Specifically, Walmart failed to produce "a video depicting both pre- and post-accident surveillance footage of the area near the restroom where

---

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

Plaintiff allegedly fell" until January 30, 2025—539 days after the end date of discovery. (Sanctions Order at 1, ECF No. 83.) Plaintiff moved for sanctions (*see* Sanctions Mot., ECF No. 80), which Judge Espinosa granted in part. (*See* Sanctions Order). Relevant here, Judge Espinosa denied Plaintiff's request to bar Walmart from introducing the full-length video, but reopened discovery "to permit further development of Plaintiff's negligence claims in view of [Walmart's] belated production of the full-length video," and ordered Walmart to "bear the reasonable expenses, including attorney's fees, of conducting such additional discovery." (*Id.* at 6.)

The parties, however, could not agree on a schedule for the additional discovery Judge Espinosa ordered. (*See* Pl.'s Letter, ECF No. 84; Def.'s Letter, ECF No. 85.) Plaintiff sought to file a supplemental liability expert report, taking into account the full-length video. (*See* Tr. 3:10–14, ECF No. 88.) Walmart sought to depose Plaintiff's expert on the supplemental report and file its own responsive expert report. (*Id.* at 3:14–18.) Plaintiff opposed Walmart's request, arguing that Walmart should be precluded from submitting a supplemental report.

Judge Espinosa heard oral argument on the issue and rendered a decision on the record. First, Judge Espinosa noted that courts

> rarely operate under a really typical framework. Rather, because cases . . . take a little longer than I think we'd like to see sometimes to actually reach trial, there are many district judges who [permit additional discovery] just so [the] factual record is complete and [the parties] can present the case to a jury . . . and we'll get to a decision on the merits.
>
> So in light of all those realities, my tentative ruling is this: I'm inclined to let the defendant redepose the plaintiff at the defendant's expense; serve its own expert report at, obviously, its own expense; and should plaintiff desire to depose the defense expert, then, of course, all costs also be borne by defendant. That is, all costs will be borne by all next steps here related to additional discovery by defendant because all of it is necessitated by the late delivery of that video. That's my tentative view here.

(*Id.* at 5:19–6:14.) After the parties presented opening arguments, Judge Espinosa stated:

2

[T]he typical argument about not reopening discovery . . . is a good cause argument: . . . [the other party] should have done what they were required to do during the regular schedule and . . . I'm prejudiced if you reopen discovery because the case doesn't get to . . . . the merits stage . . . .

Well, . . . only half of that argument succeeds here. [Walmart] should have, indeed, done what they were required to do during the original discovery schedule. But we're reopening expert report discovery to permit [Plaintiff's] supplemental report. And I agree with [Plaintiff] in principle that if [Walmart] wanted to rely on a rebuttal expert or a responsive expert, [it] should have engaged an expert, prepared a report, and served it on [Plaintiff] in the normal course.

But now that we are reopening expert discovery and I'm permitting [Plaintiff] to supplement a report and serve that supplemental report, two things must follow. . . . The first is an easy call: Should the defendant get to depose the expert on the new components of an opinion and the new findings and conclusions?

I think the answer to that is obviously yes. It's an inconvenience to [Plaintiff's] expert, but it's not a financial burden. The defendant's going to pay for it. . . . But to limit the defendant on merits of assessing the expert's opinion is an unwarranted additional sanction beyond that which I earlier ruled was appropriate.

The next question is should the defendant get a chance to serve its own report, having failed to do so earlier? Look, originally my view was maybe. . . . But, in part, the reason I have a different view now is I know Judge Neals. . . . [H]e's made clear his feelings about developing cases on the merits and positioning them for [a decision] on the merits, and in at least one other case that I can direct you to, . . . after . . . I finally said to a plaintiff who couldn't get an expert report served . . . "Okay. We're done. We can't wait anymore. You're out of time. . . ." And after . . . . plaintiff filed a belated report, which I said was too late and that it was inappropriate and it wouldn't be considered[,] . . . Judge Neals . . . permitted the report. And he did consider it.

And so I have to take the lessons from the district court . . . . [Judge Neals] hasn't told me what to do in his case. But . . . he's been clear [in] his preference for deciding cases on the full record. And so even if I were to agree with [Plaintiff] and . . . issue an order saying no supplemental record or no . . . late report from Walmart, there's a chance that there's an appeal. . . . [I]f [Judge Neals] thought . . . that because we were already reopening discovery to permit the supplemental plaintiff's expert report, what's the harm in getting a defense expert report in, especially when the defense is going to have to pay the cost of any deposition of that expert, he might just say [allow the deposition and rebuttal report].

I am not trying to read his mind. I am not trying to guess what he would do. I am not advocating my independent role here. I'm learning the lessons of what the district court prefers and trying to position the case for an efficient resolution that avoids appellate questions after a summary judgment motion or appellate cases . . . after a decision on the merits at trial, . . . I'm trying to think around all the various corners here.

In the long run, this may advantage [Plaintiff]. [Plaintiff] get[s] a crack at his expert at [Walmart's] expense. [Plaintiff] get[s] a chance to plumb the depths now and be in a position to . . . make the appropriate arguments here. I'm just trying to avoid what I think could be three more steps before we get to the next stage; three long steps, three expensive steps that put us substantially where we are today, in my view.

I haven't made a final ruling, but that's my thought process here. I don't want you to think that I just reflexively thought, okay, sure, no harm, no foul. There is a bit of harm. There is a bit of a foul. But, after giving it careful thought, thinking about the implications for the district court and beyond, I do think the better approach here is the one I articulated.

(*Id.* at 9:17–13:25.) Plaintiff's counsel, in response, argued that allowing Walmart to depose

Plaintiff's expert and tender its own responsive report would benefit Walmart, when Walmart

engaged in culpable conduct to prejudice Plaintiff. (*Id.* at 16:8–17:1.) Judge Espinosa replied that:

[I]n levelling the playing field[,] . . . I don't want to also give you a substantive merits advantage; right? I'm letting you explore the record further. I'm letting you supplement your expert report, incorporate this video in its full form in the ways that you think are necessary and appropriate for your case. But I don't intend to punish your adversary. I don't intend to punish the defendant in such a way as to . . . . limit them substantively on a merits question.

So while I agree with you that they should have done an expert report during the original expert window, . . . I can't detect any prejudice from permitting them to do a report now in response to the supplemental report that you're getting and the additional fact discovery. . . . [Y]ou don't have to pay to depose that expert because the defendants are going to pay for that. So I'm trying to make sure that I advance the spirit of the sanctions order I issued but also not substantively disadvantage one side . . . in doing so. I'm making them pay for the late discovery by shifting all remaining discovery costs to them. But . . . I can't deny them a reasonable request to submit a responsive expert report since we're reopening expert discovery.

(*Id.* at 17:6–18:13.) After hearing further arguments from counsel, Judge Espinosa remarked:

First, I've considered the arguments of counsel. I've considered the correspondence from the parties directed to these questions, . . . and the proposed scheduled submitted by both sides . . . .

. . . .

[The parties' correspondence] raises essentially two discrete issues that are in dispute: Number one, can defendant depose plaintiff's expert as to any supplemental expert report? I conclude the answer, in the interests of justice and for all the reasons we've discussed today, must be yes. The defendant can depose plaintiff's expert, should a supplemental expert [sic] be served. Of course, as I've ruled in that September 4th, 2025, order, defendant will bear the costs of those depositions.

The second discrete issue raised in the parties' correspondence is can the defendant serve a responsive report? The answer, in my view, must be yes. There is new discovery on the merits being undertaken . . . . It would frustrate the full development of the record in this matter and a decision on the merits in this matter for me to hold that the defendant could not respond to that new discovery. I've levelled the playing field . . . by reopening discovery and shifting costs as a sanction for the late delivery of the video here. But to block a responsive expert by defendant would constitute a sanction beyond that which I thought appropriate and for which there's no basis here. For all those reasons, I'm going to issue an order consistent with what I have just held, and we'll go forward.

(*Id.* at 27:18–30:1.) Judge Espinosa memorialized his decision in an October 6, 2025 Order (*see* Oct. 6, 2025 Order, ECF No. 87), and on October 15, 2025, set forth a schedule for supplemental discovery (*see* Oct. 15, 2025 Order, ECF No. 91).

Plaintiff timely appealed Judge Espinosa's October 6 and October 15 Orders. (*See* Pl.'s Appeal, ECF No. 92.) Walmart opposed (*See* Def.'s Opp'n, ECF No. 93), and Plaintiff replied (*see* Pl.'s Reply, ECF No. 94).

## II.   <u>LEGAL STANDARD</u>

A magistrate judge may decide any non-dispositive pretrial issue. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This Court hears appeals of non-dispositive magistrate judge orders and reviews only whether the order was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A ruling is clearly erroneous only if the Court has "the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)

(citation omitted). A ruling is not clearly erroneous "simply because [the reviewing court] is convinced that it would have decided the case differently." *Id.* A ruling is contrary to law "only if the magistrate judge misinterpreted or misapplied governing legal principles." *Jones v. PHH Mortg. Corp.*, 814 F. Supp. 3d 531, 533 (D.N.J. 2026).

A magistrate judge's discovery orders are reviewed for abuse of discretion. *Allen v. Banner Life Ins. Co.*, 340 F.R.D. 232, 236 (D.N.J. 2022). Abuse of discretion arises if a decision "rests on an incorrect legal standard, a clearly erroneous factual finding, or a misapplication of the law to the facts." *TD Bank N.A. v. Hill*, 928 F.3d 259, 270 (3d Cir. 2019). The Court "may affirm on any basis supported by the record, even if it departs from the [Magistrate Judge's] rationale." *Id.* Correspondingly, "[a]n abuse of discretion is a clear error of judgment, and not simply a different result which can arguably be obtained when applying the law to the facts of the case." *Allen*, 340 F.R.D. at 237 (quoting *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 240 (3d Cir. 2007)). The appealing party has the burden of demonstrating the Magistrate Judge's decisions were clearly erroneous, contrary to law, or an abuse of discretion. *Id.* "Unless that burden is met, the magistrate judge's findings should not be rejected even if the district court could have decided the matter differently." *Id.* (quoting *Evans v. Emp. Ben. Plan*, No. 03-4915, 2007 WL 77325, at *1 (D.N.J. Jan. 8, 2007)).

## III.    **DISCUSSION**

Plaintiff argues that Judge Espinosa abused his discretion in allowing Walmart to depose Plaintiff's expert and submit their own expert report because, according to Plaintiff, Judge Espinosa: (1) ruled based on what he thought this Court would prefer; and (2) failed to appreciate the prejudice Plaintiff experienced in Walmart serving a late expert report. (*See* Pl.'s Moving Br. at 10–13, ECF No. 92-3.)

6

Having reviewed the record, it is clear Judge Espinosa did not abuse his discretion. Judge Espinosa carefully considered the balance of prejudice to the parties, the extent of his prior sanction on Walmart, and the preference within this Circuit for resolving disputes on the merits. He reasonably concluded that allowing additional discovery would minimally prejudice Plaintiff—an additional deposition would be an "inconvenience," but "not a financial burden," because Walmart was required to pay for the deposition. (Tr. 10:24–11:1.) Moreover, Judge Espinosa concluded that barring Walmart from serving a supplemental expert report would unduly "punish" Walmart and "limit [Walmart] substantively on a merits question." (*Id.* at 17:15–18.) Judge Espinosa noted that this Court prefers to resolve questions on the merits. (*See id.* at 9:17–13:25.) Finally, Judge Espinosa determined that, blocking a responsive expert report "would constitute a sanction beyond that which [he] thought appropriate and for which there's no basis here." (*Id.* at 29:22–24.)

While it is clear Plaintiff would have preferred a different result, disagreement is not an abuse of discretion. *Allen*, 340 F.R.D. at 237. Judge Espinosa did not rely on "an incorrect legal standard, a clearly erroneous factual finding, or a misapplication of the law to the facts." *Hill*, 928 F.3d at 270. He carefully considered the relevant factors, and the record supports his conclusion. Accordingly, the Court **affirms** Judge Espinosa's October 6, 2025 Order (ECF No. 87) allowing Walmart to depose Plaintiff's expert and serve a supplemental expert report. Correspondingly, the Court **affirms** Judge Espinosa's October 15, 2025 Order (ECF No. 91) setting forth a schedule for additional discovery.

7

**IV.**    **CONCLUSION**

For the foregoing reasons, Judge Espinosa's October 6, 2025 and October 15, 2025 Orders

(ECF Nos. 87, 91) are **AFFIRMED**

**DATED:** 6/17/2026    

_____
**JULIEN XAVIER NEALS**
**United States District Judge**