**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | : | |
| THOMAS A. DAVIDSON, | : | **Civil Action No. 21-10748-JXN-AME** |
| | : | |
| Plaintiff, | : | **OPINION and ORDER** |
| | : | |
| v. | : | |
| | : | |
| WALMART INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ESPINOSA, U.S.M.J.**

This matter comes before the Court on the motion filed by plaintiff Thomas Davidson ("Plaintiff") for leave to amend the Complaint to add Sofia Palacio Gil ("Ms. Gil") as a defendant, pursuant to Federal Rules of Civil Procedure 15(a)(2) and 20(a)(2) [D.E. 101]. Defendant Walmart Inc. ("Walmart") opposes the motion. The Court has considered the parties' written submissions and, in its discretion, rules without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, Plaintiff's motion is denied.

**I.     BACKGROUND**

This premises liability action arises out of an April 2, 2021 incident in which Plaintiff alleges he sustained injuries when he slipped and fell on a wet surface in the men's restroom of the Walmart located in Flanders, New Jersey. On April 21, 2021, Plaintiff filed a Complaint in the Superior Court of New Jersey, Morris County, asserting a negligence claim against Walmart and another defendant identified as Wal-mart Real Estate Business Trust Inc. ("Wal-mart REBT"). On May 5, 2021, the action was removed based on diversity jurisdiction under 28 U.S.C. § 1332, as Plaintiff is domiciled in New Jersey and Walmart and Wal-mart REBT are

1

each incorporated in Delaware and maintain a principal place of business in Arkansas. With leave of Court, Plaintiff filed this motion on January 30, 2026, seeking leave to amend the Complaint to add former Walmart employee Ms. Gil as a defendant.

As previous Opinions in this action have recounted in detail, on January 31, 2025, long after the close of discovery, Walmart produced a long-form surveillance video depicting the area outside the restroom where Plaintiff fell, which led to protracted motion practice concerning the circumstances of that late production. *See* Orders at D.E. 77, 78, 79, 83, 87. Although Plaintiff's requests to pursue a spoliation claim and exclude the video evidence were denied, the Court reopened discovery "to permit further development of Plaintiff's negligence claims" as warranted by the belated production of the video. *See* Order at D.E. 83. Once in possession of the video, Plaintiff became aware that, before the subject incident, a Walmart employee entered the men's restroom and exited six minutes later. *See* Romano Cert. ¶¶ 10, 16 (D.E. 101-2).

On October 3, 2025, Walmart identified that employee as Ms. Gil, the porter charged with cleaning and maintaining the restroom on the day of the incident. *Id.* ¶ 11. Plaintiff emphasizes the late disclosure of Ms. Gil as a witness with relevant knowledge, noting that, although Plaintiff deposed the Walmart store manager Kelly Siewerd in February 2023, the manager did not identify Ms. Gil as the employee who cleaned the restroom on the subject date. *Id.* ¶¶ 7, 9. Rather, based on her review of cleaning logs, the manager identified a male employee named Jorge as the employee who inspected the men's restroom prior to Plaintiff's fall. *Id.* ¶ 8.

On November 25, 2025, Plaintiff deposed Ms. Gil. *Id.* ¶ 14 and Ex. G. Based on that deposition testimony, Plaintiff contends Ms. Gil deviated from Walmart's procedures concerning the time required to clean a restroom and was therefore negligent. He now wishes to join Ms. Gil as a defendant.

## II.    DISCUSSION

Rule 15(a)(2) states that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The Rule "embodies a liberal approach to pleading," in favor of granting leave to amend unless it would be unjust. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202-03 (3d Cir. 2006). However, various equitable considerations may justify denying leave to amend a complaint; these bases for denial include futility of the amendment, a party's undue delay in seeking leave to amend, prejudice to the non-moving party, and bad faith. *Id.* at 203 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Relevant to Walmart's opposition to this motion, futility is evaluated by the same standard applicable to a motion to dismiss for failure to state a claim on which relief could be granted. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("In assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."). According to that standard, the proposed new claim cannot rest on mere conclusory assertions but rather must be supported by sufficient factual allegations that, if accepted as true, plausibly establish the elements of the claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Rule 20 provides that a plaintiff may join various persons as defendants in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). But, where a plaintiff seeks to add a non-diverse defendant who would destroy subject matter jurisdiction after the action was properly removed, the Court may,

3

in its discretion, "deny joinder or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). *See also Hoyden v. Westfield Ins. Co.*, 586 Fed. App'x 835, 840-41 (3d Cir. 2014) (reviewing a district court's denial of joinder of non-diverse defendant for abuse of discretion under Section 1447); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

Here, Plaintiff argues that facts discovered by viewing the surveillance video and deposing Ms. Gil show she is at fault for creating or failing to remediate the dangerous condition causing Plaintiff's fall, specifically water on the floor near one of the restroom's toilets. He maintains Ms. Gil bears direct responsibility for that hazard because she did not spend adequate time performing her maintenance tasks when she serviced the restroom shortly before Plaintiff's accident. Plaintiff points out that the video shows Ms. Gil entering the restroom at the 29:30 timestamp and indicates she exited only six minutes later, spending a total of approximately twelve minutes cleaning both the men's and women's restrooms. *See* Romano Cert. ¶¶ 16-17 and Ex. D. According to Plaintiff, Ms. Gil admitted at her deposition that, to abide by Walmart's requirements and procedures, cleaning a restroom should take approximately 28 to 30 minutes. *See* Mot. at 7 (citing Exhibit G at 34:18-36:11).

Plaintiff acknowledges that adding Ms. Gil, who is domiciled in New Jersey, would destroy diversity jurisdiction, and trigger remand to the state court after years of litigation in this Court. However, Plaintiff argues Ms. Gil is a necessary and indispensable party to this action given the foregoing evidence of her alleged deviation from Walmart's maintenance standards and his liability expert's opinion concerning the relationship between that deviation and the condition of the restroom. In his reply to the motion, Plaintiff relies on the expert's assessment that "[i]t is virtually impossible for Ms. Gil to have cleaned both the men's and women's restrooms per Walmart's "quick clean" Standard Operating Procedure (SOP) in 12 minutes."

Romano Cert. Ex. I, at 9. The expert notes that, according to the post-incident police report, a small area to the right of the toilet furthest from Plaintiff appeared wet and thus opines that, because he has seen no evidence that adjacent piping was leaking, "the small area of water near the toilet must be a consequence of recent mopping on the floor and the failure to allow sufficient time for mopping. This is a created condition." *Id.* Alternatively, the expert further opines that if Ms. Gil did not create the dangerous condition, she failed to detect and remedy it due to her failure to follow Walmart's protocols and procedures. *Id.* at 9-10. Thus, Plaintiff maintains that he seeks to join Ms. Gil not for the improper purpose of defeating subject matter jurisdiction but because the facts obtained in discovery demonstrate that a negligence claim lies directly against her, and moreover, show that she is directly and primarily responsible for the hazardous condition that caused Plaintiff's injuries.

In opposition, Walmart argues Plaintiff's contemplated negligence claim against Ms. Gil is completely baseless and maintains the motion to amend should be denied as an impermissible fraudulent joinder, or alternatively, based on the futility of the proposed amendment. Walmart stresses that Ms. Gil was not a manager or otherwise charged with ensuring the overall safety of the premises. It notes the store manager was in fact deposed by Plaintiff. Walmart acknowledges Ms. Gil's identity was not disclosed until after Plaintiff obtained and reviewed the surveillance video but emphasizes Plaintiff "knew from the outset that a restroom porter serviced the area prior to the incident [and thus] [t]he theory that the porter failed to properly clean the restroom has existed since the inception of the case." Opp'n at 4.

Yet now, Walmart argues, Plaintiff seeks to add the porter without proffering any facts indicating that she created or was responsible for the alleged dangerous condition in the restroom. Indeed, Walmart contends Plaintiff's sole theory of negligence against Ms. Gil—her

purported failure to spend sufficient time cleaning the restroom—relies on a mischaracterization of Ms. Gil's testimony concerning her maintenance responsibilities as a Walmart porter. Plaintiff's counsel asked Ms. Gil about the required time to clean the restrooms, as follows:

> Q: Ma'am, you were asked specifically how long it took you between the hours of 12 and 1:30 to complete inspecting and cleaning the men's and women's room and you told me it was 20 to 30 minutes per side. Do you recall that testimony?
>
> A: Yes, sir, but -- well, let me explain this. My shift is from 6 to 3. So I would go in in the morning, clean the restrooms very well, make sure everything was fine, well done, checked. And then after I would have to go in and check every half an hour, make sure everything was fine. There was not so much time needed because I had already done so thoroughly and very well in the morning. I would go in and I would clean super well. I would check everything. That was fine. They would say to me, "Sofia, go check and make sure there's toilet paper, the floors are fine, and the toilets are fine." Because aside from that I would be sent over to the supermarket area to make sure there were no spills, nothing.

Gil Dep. Tr. 43:1-44:5, Opp'n Ex. B (D.E. 102-3).

Thus, Walmart maintains, Plaintiff's already speculative basis for claiming Ms. Gil is at fault is further belied by her deposition testimony that her mid-shift brief servicing of the restroom prior to Plaintiff's fall was focused on upkeep, not deep cleaning, and was consistent with her duties. Additionally, Walmart points out that Plaintiff has not sought to add other Walmart personnel as defendants, despite having deposed various employees earlier in the litigation. According to Walmart, the lack of any factual basis for a claim against Ms. Gil together with timing and posture of this motion, brought nearly five years after the case was filed, strongly indicate that Plaintiff's attempt to add a negligence claim against Ms. Gil is driven solely by an effort to defeat subject matter jurisdiction.

Preliminarily, the Court must dispense with Walmart's reliance on the doctrine of fraudulent joinder, which is misplaced in the context of a motion for leave to amend under Rule 15. That doctrine pertains to removal of actions based on diversity jurisdiction where complete diversity is lacking, allowing removal if the removing party "can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat federal jurisdiction." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006). Where the doctrine applies, the Court may disregard a non-diverse defendant's citizenship in assessing whether it has subject matter jurisdiction, dismiss the claims against that defendant, and properly retain jurisdiction over the action. *Id.* (citing *Mayes v. Rappaport*, 198 F.3d 457, 461 (4th Cir. 1999)). The situation here does not concern the validity of removal and thus the doctrine of fraudulent joinder simply does not apply.

Nevertheless, the lack of complete diversity that would result if Ms. Gil were added as a defendant does bear on the question of whether Plaintiff's motion for leave to amend should be granted. Ordinarily, the liberal standard of Rule 15 would govern, limited only by any equitable considerations militating against the amendment. However, where the proposed amended pleading would name a new, non-diverse defendant, Courts in this District "scrutinize the amendment more closely than an ordinary amendment" and, in doing so, consider the factors set forth by the Fifth Circuit in *Hensgens v. Deere & Co. See McCann v. Macy's Inc.*, Civ. No. 18-851, 2019 WL 248883, at *2 (D.N.J. Jan. 17, 2019). *See also Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 840-41 (3d Cir. 2014) (observing that the Third Circuit has not articulated an analytical framework for determining whether to permit joinder under Section 1447 but favorably acknowledging District Court's use of the Fifth Circuit's *Hensgens* factors). The four *Hensgens* factors are as follows: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3)

whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Hensgens*, 833 F.2d at 1182. *See also Hayden*, F. App'x at 841 (listing factors).

Here, the *Hensgens* factors militate against permitting Ms. Gil's joinder. As to the first factor, the paucity of any factual support for pursuing a negligence claim directly against Ms. Gil stands out as the predominant feature of Plaintiff's motion and strongly indicates that the requested amendment amounts to an effort to defeat subject matter jurisdiction. Plaintiff's sole basis for asserting Ms. Gil is liable for Plaintiff's injury is that she spent "only" six minutes attending to her maintenance duties of the men's restroom shortly before his slip-and-fall accident. According to Plaintiff, the record shows a responding officer observed a wet area behind one of the toilets. He maintains that, without any other apparent source, such a dangerous condition "must be" a consequence of Ms. Gil's recent mopping of the floor or, alternatively, her failure to have detected the condition because she allegedly did not follow the 20-to-30-minute cleaning protocol required by Walmart's policies. But that argument ignores Ms. Gil's testimony, which made clear that she performed an extended cleaning of the restrooms at the beginning of her shift followed by brief servicing to maintain the restrooms throughout the remainder of her shift. Moreover, it calls for pure speculation as to Ms. Gil's purported role in creating and/or failing to remediate the wet floor area near the toilet.

Plaintiff correctly notes that, under New Jersey law, both an employer and an employee acting within the scope of his or her employment may be liable, jointly and/or separately, for an injury allegedly caused by their negligent acts. *See Lappe v. Target Corp.*, Civ. No. 15-0007, 2016 WL 6305949, at *6 (D.N.J. Oct. 27, 2016) (citing New Jersey caselaw). However, neither that general proposition nor Plaintiff's reliance on cases in which Courts in this District have, in

their discretion, permitted a plaintiff to join an employee defendant is availing here. For example, Plaintiff argues that this Court should be guided by the analogous situation in *Pepitone v. Target Corp.*, a premises liability action in which, following an analysis under the *Hensgens* factors, the Court permitted the plaintiff to join an employee defendant who had allegedly caused plaintiff's injuries by pushing a line of shopping carts through the store doors and striking her. *See* Civ. No. 24-236, 2024 WL 3823002, at *3-4 (D.N.J. Aug. 14, 2024). In *Pepitone*, the plaintiff had alleged facts that, assumed true, showed her injury was caused by the employee's direct conduct. In contrast to those concrete factual allegations, the allegedly negligent conduct here consists of Plaintiff's supposition that Ms. Gil caused the accident by failing to spend enough time maintaining the restroom. Such bare allegations are insufficient to support Plaintiff's proposed claim against Ms. Gil under the close scrutiny that must be applied when joining a defendant would destroy diversity jurisdiction. The conclusory nature of the proposed negligence claim against Ms. Gil weighs strongly against permitting the joinder.

The second *Hensgens* factor also weighs against joinder. Although Plaintiff did not delay in seeking to add Ms. Gil, as he brought this motion shortly after learning her identity and deposing her, he fails to adequately explain why he did not earlier pursue either a manager responsible for premises safety or seek to identify the porter charged with cleaning the restroom, in view of his theory of the case. Plaintiff has from the first instance alleged that he slipped and fell on a wet surface in Walmart men's restroom. Yet, until watching the surveillance video and learning Ms. Gil's spent six minutes tending to the restroom during that visit, Plaintiff did not bring a claim or seek to bring a claim against any individual employed by Walmart, alleging that

the actions or inactions of that individual caused the dangerous condition. Plaintiff may argue that he lacked the factual basis to do so as a result of Walmart's dilatory production of the surveillance video, but his long-standing contention that he slipped on the wet restroom floor and knowledge of other employees responsible for the safety of the store premises call into doubt his decision to now, at this advanced stage of the action, seek to add the non-diverse Walmart employee in charge of cleaning and maintaining the restroom on the day of the incident, particularly on such a slim factual basis as spending what Plaintiff contends is insufficient time in one iteration of her daily restroom inspection and cleaning duties.

As to the third factor, it is clear Plaintiff will not be significantly injured if amendment is not allowed. Insofar as Plaintiff may prevail on the merits of his action or negotiate a resolution through settlement, the damages or settlement amount will be paid by Walmart, not by Ms. Gil, a former employee who worked as maintenance associate for the store. In short, Plaintiff's potential to be made whole for his alleged injury or otherwise obtain a full and fair recovery will not be impacted at all if Ms. Gil is not joined as a defendant.

The fourth catch-all factor, which permits a general consideration of the equities, also militates against amendment. Adding Ms. Gil as a defendant threatens to unduly delay the litigation, given the time needed to file and serve an amended complaint, remand the action, and assign it to a new judge in state court who will be unfamiliar with the case, which has been pending before this Court for over five years.

## III.    CONCLUSION AND ORDER

For the foregoing reasons, and in its discretion under 28 U.S.C. § 1447(e), the Court concludes that leave to amend the Complaint to add Ms. Gil as a defendant in this premises liability action is not warranted. Accordingly,

**IT IS** on this 24th day of June 2026,

**ORDERED** that Plaintiff's motion for leave to amend the Complaint [D.E. 101] is

**DENIED**.

 /s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge