**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THOMAS A. DAVIDSON,<br>Plaintiff,<br>v.<br>WALMART INC.,<br>Defendant. | Civil Action No. 21-10748 (JXN)(AME)<br><br>**OPINION & ORDER** |

**NEALS**, District Judge

This is a motion for reconsideration. On June 17, 2026, the Court affirmed Magistrate Judge Espinosa's October 6, 2025 and October 15, 2025 Orders allowing Defendant Walmart, Inc. ("Walmart") to depose Plaintiff Thomas A. Davidson's ("Plaintiff") expert and submit its own expert report. (ECF Nos. 113, 114.) Plaintiff now moves for the Court to reconsider affirming Judge Espinosa. (ECF No. 118.) Walmart opposed (ECF No. 122), and Plaintiff replied (ECF No. 125). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure[1] 78 and Local Civil Rule 78.1. For the reasons that follow, Plaintiff's motion for reconsideration is **DENIED**.

## I. BACKGROUND

This case arose after Plaintiff slipped, fell, and hurt himself in a Walmart bathroom in 2021. (*See* Compl., ECF No. 1-1.) Plaintiff sued Walmart in New Jersey Superior Court. (*Id.*) Walmart timely removed. (*See* Notice of Removal, ECF No. 1.)

Walmart failed to produce "a video depicting both pre- and post-accident surveillance footage of the area near the restroom where Plaintiff allegedly fell" until January 30, 2025—539

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

days after the end date of discovery. (Sanctions Order at 1, ECF No. 83.) Plaintiff moved for sanctions (*see* Sanctions Mot., ECF No. 80), which Judge Espinosa granted in part. (*See* Sanctions Order). Relevant here, Judge Espinosa denied Plaintiff's request to bar Walmart from introducing the full-length video, but reopened discovery "to permit further development of Plaintiff's negligence claims in view of [Walmart's] belated production of the full-length video," and ordered Walmart to "bear the reasonable expenses, including attorney's fees, of conducting such additional discovery." (*Id.* at 6.)

The parties could not agree on a schedule for the additional discovery Judge Espinosa ordered. (*See* Pl.'s Letter, ECF No. 84; Def.'s Letter, ECF No. 85.) Plaintiff sought to file a supplemental liability expert report, taking into account the full-length video. (*See* Tr. 3:10– 14, ECF No. 88.) Walmart sought to depose Plaintiff's expert on the supplemental report and file its own expert report. (*Id.* at 3:14–18.) Plaintiff opposed Walmart's request, arguing that Walmart should be precluded from submitting an expert report.

Judge Espinosa heard oral argument on the issue and rendered a decision on the record. Considering this Court's preference to resolve disputes on the merits, the relative prejudice towards the parties; and the scope of his earlier sanction, Judge Espinosa allowed Walmart to depose Plaintiff's expert and serve its own expert report. (*See id.* at 5:19–6:14, 9:17–13:25, 16:8–17:1, 17:6–18:13, 27:18–30:1.) Judge Espinosa memorialized his decision in an October 6, 2025 Order (*see* Oct. 6, 2025 Order, ECF No. 87), and on October 15, 2025, set forth a schedule for supplemental discovery. (*See* Oct. 15, 2025 Order, ECF No. 91).

Plaintiff timely appealed Judge Espinosa's October 6 and October 15 Orders. (*See* Pl.'s Appeal, ECF No. 92.) Walmart opposed (*See* Def.'s Opp'n, ECF No. 93), and Plaintiff replied (*see* Pl.'s Reply, ECF No. 94). This Court affirmed both orders. (*See* Op., ECF No. 113.) The Court

found Judge Espinosa did not abuse his discretion in allowing Walmart to depose Plaintiff's expert and submit their own expert report. (*Id.* at 6–7.) Rather, the Court determined "Judge Espinosa carefully considered the balance of prejudice to the parties, the extent of his prior sanction on Walmart, and the preference within this Circuit for resolving disputes on the merits." (*Id.* at 7.) The Court thus concluded Judge Espinosa did not misread the law, clearly err in finding facts, or misapply the facts to the law. (*Id.*)

On July 2, 2026, Plaintiff moved for reconsideration. (*See* Recons. Mot., ECF No. 118.) Plaintiff argues this Court "abused its discretion in permitting Defendant to serve an initial liability expert report years after the close of discovery where they had elected not to retain a liability expert during the pendency of discovery." (Pl.'s Moving Br. at 9, ECF No. 118-2.) Plaintiff further claims the Court wrongly interpreted Judge Espinosa's order as allowing Walmart to serve a supplemental expert report, rather than an initial expert report. (*Id.* at 10–12.)

## II. <u>LEGAL STANDARD</u>

Local Civil Rule 7.1(i) governs reconsideration motions. Reconsideration is "an extraordinary remedy" courts grant "very sparingly." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations omitted). The Court may grant a reconsideration motion if the moving party shows (1) "an intervening change in the controlling law"; (2) "the availability of new evidence that was not available when the court granted the motion"; or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." *Adkins v. Sogliuzzo*, 820 F. App'x 146, 149 (3d Cir. 2020) (quoting *In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017)).

A reconsideration motion "is not an appeal." *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. The moving party may not "relitigate old matters, raise new arguments, or present evidence or

allegations that could have been raised prior to entry of the original order." *Bosco v. Compass Grp. USA, Inc.*, No. 22-6909, 2026 WL 800530, at *2 (D.N.J. Mar. 23, 2026) (quoting *Martinez v. Robinson*, No. 18-1493, 2019 WL 4918115, at *1 (D.N.J. Oct. 4, 2019)). The Court will not grant a reconsideration motion based on "[m]ere disagreement with a decision of the District Court." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). Rather, the Court will grant a reconsideration motion "only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507.

## III. <u>DISCUSSION</u>

Plaintiff argues reconsideration is warranted to "correct a clear error of law or fact or to prevent manifest injustice." *Adkins*, 820 F. App'x at 149. A court makes a clear error of law "only if the record cannot support the findings that led to the ruling." *In re Insulin Pricing Litig*., No. 17-699, 2025 WL 2717592, at *2 (D.N.J. 7 Sept. 24, 2025) (quoting *ABS Brokerage Servs. v. Penson Fin. Servs., Inc*., No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010)).

The record amply supports the findings that led the Court to affirm Judge Espinosa. As the Court previously explained, the Court may only reverse a magistrate judge's discovery order for abuse of discretion. (*See* Op. at 6.) A magistrate judge abuses their discretion if their decision "rests on an incorrect legal standard, a clearly erroneous factual finding, or a misapplication of the law to the facts." *TD Bank N.A. v. Hill*, 928 F.3d 259, 270 (3d Cir. 2019). "An abuse of discretion is a clear error of judgment, and not simply a different result which can arguably be obtained when applying the law to the facts of the case." *Allen v. Banner Life Ins. Co*., 340 F.R.D. 232, 237 (D.N.J. 2022) (*quoting Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 240 (3d Cir. 2007)). The moving party has the burden of demonstrating the Magistrate Judge's decisions were clearly

erroneous, contrary to law, or an abuse of discretion. *Id*. "Unless that burden is met, the magistrate judge's findings should not be rejected even if the district court could have decided the matter differently." *Id*. (quoting *Evans v. Emp. Ben. Plan*, No. 03-4915, 2007 WL 77325, at *1 (D.N.J. Jan. 8, 2007)).

The record plainly shows Judge Espinosa did not abuse his discretion. Judge Espinosa expressly considered whether Walmart should "get a chance to serve its own report, *having failed to do so earlier*." (Tr. 11:5–7 (emphasis added).) Weighing the relative prejudice to the parties, the extent of his prior sanction, and the preference within this Circuit for resolving disputes on the merits, Judge Espinosa concluded Walmart should be allowed to serve an expert report despite having failed to do so before.

Plaintiff now claims this Court made a clear error of law because (1) it referred to Walmart's report as "supplemental"; and (2) allowing Walmart to serve an expert report well after the close of discovery prejudices Plaintiff. Both arguments lack merit.

Plaintiff's first argument offers no basis for reconsideration. True, the Court referred to Walmart's report as "supplemental" a few times. (*See* Op. at 2, 7.) But this Court and Judge Espinosa expressly recognized that Walmart had not yet served an expert report. (*Id.* at 3–5.) The question was whether Walmart should be allowed to serve one, nevertheless. Judge Espinosa reasonably answered in the affirmative. A court makes a clear error of law "only if the record cannot support the findings that led to the ruling." *In re Insulin Pricing Litig*., 2025 WL 2717592, at *2. The record supported Judge Espinosa's decision and this Court's Opinion. Plaintiff's form-over-substance argument does not compel a different conclusion.

Plaintiff's second argument repeats the same point Plaintiff made before Judge Espinosa and on appeal—that allowing Walmart to serve an expert report for the first time well after the

close of expert discovery prejudices Plaintiff. But reconsideration is not the place to "relitigate old matters." *Bosco*, 2026 WL 800530, at *2. And, in any event, the Court found Plaintiff's argument unpersuasive then and unpersuasive now. Judge Espinosa considered the prejudice to Plaintiff in allowing Walmart to serve an expert report. The record supports his Orders and this Court's affirmance thereof.

In short, Judge Espinosa did not abuse his discretion in allowing Walmart to serve an expert report after the close of discovery. This Court did not clearly err in affirming Judge Espinosa.

## IV. CONCLUSION

For the foregoing reasons, **IT IS** on this **25th** day of August 2026 **ORDERED** that Plaintiff' motion for reconsideration (ECF No. 118) is **DENIED**.

**DATED: 8/25/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**